**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WILLIE LLOYD,

        Plaintiff,

                                                  Case No. 3:16-cv-962-J-JRK

vs.

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

        Defendant.
_____/

## **OPINION AND ORDER**[2]

### **I. Status**

Willie Lloyd ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of being "HIV positive." Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed September 29, 2016, at 76, 84; see also Tr. at 198. On April 25, 2013, Plaintiff filed an application for SSI, alleging an onset disability date of March 28, 2013. Tr. at 162-67. Plaintiff's application was denied initially, Tr. at 76-82, 83, 94-101, and on reconsideration, Tr. at 84-92, 93, 104-10.

On May 7, 2015, an Administrative Law Judge ("ALJ") held a hearing at which the ALJ heard testimony from Plaintiff, who appeared with a non-attorney representative, and a vocational expert ("VE"). Tr. at 31-75; see Tr. at 33, 155-56 (Appointment of Representative

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed September 29, 2016; Reference Order (Doc. No. 14), entered September 30, 2016.

form and contract). On June 3, 2015, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed.[3] Tr. at 17-26. Plaintiff then requested review by the Appeals Council. Tr. at 13. The Appeals Council accepted additional evidence in the form of medical records. Tr. at 5-6; see Tr. at 737-45 (medical records). On June 29, 2016, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, making the ALJ's Decision the final decision of the Commissioner. On July 28, 2016, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff makes two arguments on appeal. First, "the ALJ erred in his formulation of the hypothetical to the VE." Memorandum in Support of Complaint (Doc. No. 16; "Pl.'s Mem."), filed November 14, 2016, at 5 (emphasis and capitalization omitted). Second, still with respect to the hypothetical posed to the VE, Plaintiff contends "the ALJ erred by not appropriately evaluating the medical evidence of record and specifically the side effects from the medications." Id. at 8 (emphasis and capitalization omitted). On January 13, 2017, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") addressing the arguments raised by Plaintiff. After a thorough review of the record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be affirmed.

---

[3] In SSI cases, "the earliest month for which [the Administration] can pay [a claimant] benefits is the month following the month [the claimant] filed the application." 20 C.F.R. § 416.335.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 19-26.  At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 3, 2013, the [protective] application date."  Tr. at 19 (emphasis and citation omitted).  At step two, the ALJ found that Plaintiff "has the following severe impairment: A history of being human immunodeficiency virus (HIV) positive."  Tr. at 19 (emphasis and citation omitted).  At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. at 20 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform medium work as defined in 20 CFR [§] 416.967(c). Specifically he has the ability to lift and/or carry and push and/or pull 50 pounds

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

-3-

> occasionally, and 25 pounds frequently; sit for four hours at a time and a total of eight hours during an eight hour day, and stand and/or walk for four hours at a time and a total of eight hours during an eight hour day with occasional climbing of ladders and frequent climbing of stairs and ramps, and frequent balancing, stooping, kneeling, crouching, and crawling.

Tr. at 20 (emphasis omitted). At step four, the ALJ relied on the testimony of the VE to find that Plaintiff "is capable of performing past relevant work as a landscape laborer . . . and kitchen helper." Tr. at 24 (emphasis, some capitalization, and citation omitted); see also Tr. at 25. The ALJ also made alternative findings at step five. Tr. at 25-26. There, the ALJ considered Plaintiff's age ("53 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed" with a "subsequent[] changed age category to advanced age"), education ("at least high school education and is able to communicate in English"[5]), work experience, and RFC, and relied on the testimony of the VE to find that Plaintiff is capable of performing work that exists in significant numbers in the national economy. Tr. at 25-26 (some emphasis omitted). Namely, the ALJ identified representative jobs as "hand packager," "stores laborer," and "dining room attendant." Tr. at 26 (capitalization omitted). The ALJ concluded that Plaintiff "has not been under a disability . . . since April 3, 2013, the date the application was filed." Tr. at 26 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322

---

[5] Plaintiff also attended nine months of culinary training and obtained a certificate and license after the training. Tr. at 45.

-4-

(11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted, Plaintiff raises two issues. Because both issues contain challenges to the hypothetical posed to the VE, the applicable law is set out, followed by a discussion of each issue.

An ALJ poses a hypothetical question to a VE as part of his step-five determination of whether the claimant can obtain work in the national economy. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE. Brunson v. Astrue, 850 F. Supp. 2d 1293, 1303 (M.D. Fla. 2011) (quoting Corbitt v. Astrue, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished)).

In determining an individual's RFC and later posing a hypothetical to a VE that includes the RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling ("SSR") 96-8P, 1996 WL 374184, at *5; see also 20 C.F.R. § 404.1545(a)(2); Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (stating that "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling" (internal quotation and citations omitted)); Wilson, 284 F.3d at 1227 (stating that "for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments" (citation omitted)).

**A. Argument Regarding Medium Work**

Plaintiff argues that the ALJ erred in finding he is capable of performing medium work, but then posing a hypothetical that limits Plaintiff to a different amount of standing and walking than medium work requires. See Pl.'s Mem. at 6-7. More specifically, Plaintiff complains that while medium work requires standing or walking for <u>six</u> hours per day, the hypothetical that the ALJ posed to the VE limited Plaintiff to "stand[ing] and walk[ing] <u>four</u>[ hours] at one time in a total of eight hours per day." Tr. at 71 (emphasis added); see Pl.'s Mem. at 7. Plaintiff also alleges that "the RFC has been altered slightly between the hearing testimony and the hearing [D]ecision." Pl.'s Mem. at 7. Defendant responds that "[t]he ALJ's RFC finding and hypothetical are consistent[] with medium work." Def.'s Mem. at 6.

"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). "A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds." SSR 83-10, 1983 WL 31251, at *6 (1983).

Here, despite Plaintiff's contentions, the ALJ did not err in formulating the RFC and posing the hypothetical to the VE. While Plaintiff is correct that a full range of medium work requires standing or walking, off and on, for a total of approximately six hours, the ALJ posed a hypothetical to the VE that delineated the specific amount of standing and walking that Plaintiff is capable of performing: "four[ hours] at one time in a total of eight hours per day." Tr. at 71. This hypothetical does not differ substantively from the definition of medium work or from RFC in the written Decision, which found in relevant part that Plaintiff can "stand and/or walk for four hours at a time and a total of eight hours during an eight hour day." Tr. at 20. As the ALJ was permitted to do, the ALJ then relied on the VE's testimony to find that Plaintiff was capable of performing his past relevant work of "kitchen helper" (both as actually performed and as typically performed) and "landscape laborer" (only as actually performed). Tr. at 72 (VE's testimony), 24-25 (ALJ's Decision). The ALJ also found alternatively that Plaintiff is capable of performing other work that exists in significant numbers in the national economy. Tr. at 25-26. These findings are supported by substantial evidence.

## B. Argument Regarding Side Effects of Medications

Plaintiff next contends the ALJ erred in failing to include the side effects of his medications in the hypothetical to the VE. Pl.'s Mem. at 8. Specifically, Plaintiff points to his testimony that he suffers from "dizziness and headaches." Id. He argues, "When the ALJ posed the hypothetical to the VE[,] he did not include any of these side effects that may change[] the answers to the hypothetical answers from the VE." Id. This argument fails to recognize, however, that the ALJ found Plaintiff's testimony incredible to the extent it

conflicted with the assigned RFC. See Tr. at 23. Plaintiff makes no challenge to the ALJ's credibility finding, and it is supported by substantial evidence in the record.[6]

To be sure, the ALJ recognized Plaintiff's testimony that his medications cause headaches. Tr. at 23. In discussing the medical evidence, the ALJ also recognized Plaintiff's complaints of dizziness and headaches. See Tr. at 21-22. Nevertheless, the ALJ provided numerous reasons, supported by substantial evidence, for discrediting Plaintiff. See Tr. at 21-24. In so doing, the ALJ specifically found that the medications do not cause "significant nausea and diarrhea <u>or other significant adverse side effects</u> . . . to the extent alleged." Tr. at 23 (emphasis added). Having properly discounted Plaintiff's testimony to the extent it was inconsistent with the RFC, the ALJ was not obligated to include the alleged side effects in the hypothetical to the VE.

## V. Conclusion

In accordance with the foregoing, it is hereby **ORDERED**:

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

---

[6] "[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson, 284 F.3d at 1225 (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223.

Although "credibility determinations are the province of the ALJ," Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005), "explicit and adequate reasons" must be articulated if the ALJ discredits the claimant's testimony, Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (stating that "after considering a claimant's complaints of pain [or other subjective symptoms], the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence"). "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)).

2. The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on September 1, 2017.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of record